[S. F. No. 16475. In Bank.—March 17, 1941.]

HAROLD J. ABRAHAM, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Leo R. Friedman for Petitioner.

Claude Minard for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the Board of Governors of the State Bar that the petitioner be suspended from the practice of law for a period of thirty days.

The petitioner was admitted to practice law in this state on July 2, 1919, and is now about 43 years of age. He failed to pay his State Bar dues for the year 1936. On December 11, 1936, after the required delinquent notices were mailed to him, an order was made by this court suspending him from practice for nonpayment of dues. Notice of such order was mailed to him on December 23, 1936. In the *interim*, and on December 18th, the petitioner, as attorney for the plaintiff, filed a complaint in the superior court. On January 20, 1937, the petitioner was reinstated by the payment of the delinquent dues. After the mailing of the notice and prior to his payment of dues and reinstatement, the petitioner entered into stipulation with the attorney for the defendant extending time. On October 6, 1939, he was notified to appear before the local administrative committee and show cause why he should not be disciplined for disobedience of the order of suspension in violation of section 6103 of the State Bar Act [Business and Professions Code] and his oath as an attorney at law.

The local administrative committee recommended dismissal of the charge and stated in its recommendation that it felt the matter did not merit any disciplinary action "at this time." The Board of Governors recommended suspension for a period of thirty days.

In support of the recommendation of the Board of Governors, the attorney for the State Bar relies on the decision of this court in *Hill* v. *State Bar*, 14 Cal. (2d) 732 [97 Pac. (2d) 236]. In that case the petitioner was suspended for nonpayment of dues on December 15, 1937. He admittedly maintained an office and continued the practice of law despite apparent knowledge of his suspension. On April 26, 1939, he was cited to appear before the local administrative committee, and only after such citation and on June 7, 1939, did he secure his reinstatement by payment of delinquent dues. Prior thereto he frequently had been delinquent in payment of dues. He was suspended for a period of three months.

Obedience to orders of court must of course be required. Nevertheless, there are two considerations in this case which would seem to support the recommendation of the local administrative committee. The first is that the petitioner secured his reinstatement within a month after notice was mailed to him; and the second is that disciplinary proceedings were not instituted until more than two and one-half years after the petitioner's violation of the court order. No instance of prior delinquencies in meeting payment of dues is presented, and the record does not show such a breach of the order of court as would require an order of suspension at this date. The reminder afforded by the present proceedings will no doubt suffice to prevent a recurrence of similar conduct on the part of the petitioner.

The recommendation of the local administrative committee is approved and the charge against the petitioner is dismissed.