[L. A. No. 17323.  In Bank.—December 19, 1939.]

LEIGH HUMMER HILL, Petitioner, v. THE STATE BAR
OF CALIFORNIA, Respondent.

Hal Hughes for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—Petitioner seeks a review of a recommendation of the board of governors of The State Bar made to the Supreme Court that petitioner be suspended from the practice of the law for a period of three months.

Petitioner failed to pay his dues to The State Bar in 1937. On March 31st of that year a notice of delinquency was mailed to him at his office in Los Angeles. A copy of the sixty-day statutory notice (sec. 46, State Bar Act) was sent to him by registered mail. A final delinquent notice was also mailed to him in October of that year. By this he was informed that a certification of his delinquency had been made by the board of governors and would be forwarded to the Supreme Court. Such certificate having been received by the clerk's office, the clerk of the Supreme Court mailed a notice to petitioner advising him that on December 15, 1937, the court would act upon the recommendation of the board of governors and that he would be suspended for failure to pay his dues unless prompt action was taken by him and payment of all fees and penalties was made at the main office of The State Bar on or before that date. Petitioner having ignored this notice, he was suspended by order of this court on December 15, 1937, and the period of suspension remained in effect until June 7, 1939, when he was reinstated by payment of dues and arrears.

On April 26, 1939, petitioner was directed to appear before local administrative committee No. thirteen of The State Bar for Los Angeles County, to show cause why he should not be disciplined for professional misconduct in having engaged in the practice of the law during the period of his suspension, in violation of section 6126 of the Business and Professions Code of the State of California (Stats. 1939, chap. 34), [formerly sec. 49 of the State Bar Act.] After a hearing at which petitioner appeared in his own behalf, the local administrative committee found that petitioner had practiced law following the date of his suspension and prior to his reinstatement, and submitted the matter to the board of gover-

nors without recommendation. At the hearing before the board of governors, petitioner was represented by counsel. That board after finding that petitioner had practiced law on two occasions specifically referred to, while he was under suspension, recommended to the Supreme Court that he be suspended from the practice of the law for a period of three months.

Petitioner challenges the validity of his suspension, and urges that his evidence was uncontroverted to the effect that he was unaware of his earlier suspension and received no notice thereof. All of the notices were sent by United States mail to the office regularly maintained by petitioner, and it does not appear that any were returned for failure of delivery. When appearing before the board of governors, petitioner testified with reference to the receipt by him of the various notices above mentioned bearing on his failure to pay his dues, that he shared a suite of offices with some fourteen attorneys, and that although there was an arrangement for the receipt and delivery of mail, there was considerable confusion in the office and there were times when mail was not received by the addressees. He admitted, however, that he received several delinquent notices and knew that under the Bar Act a person would be suspended if his dues were not paid; but he claimed that he did not know when the suspension would be enforced.

Petitioner charges that the recommendation of respondent that he be suspended for three months is excessive and shocking to the conscience; that the suspension so recommended deprives him of his right to practice his profession without due process of law; that the board of governors acted in excess of its authority; that the evidence does not support its finding to the effect that he knowingly practiced law when he was suspended; and that the findings do not support the recommendation.

These and many similar contentions have been considered and passed upon by this court in review of many proceedings brought by other members of the bar who have been suspended since the passage of the State Bar Act. ■ Where an attorney at law fails to pay his State Bar dues, the action of the board of governors in recommending his suspension from membership in The State Bar shall be treated as a finding of fact and recommendation that the Supreme Court make such

order of suspension, and his suspension shall be made by an order of that court.

■ The State Bar Act[j] is valid as a regulatory measure under the police power and is not open to the criticism that an unregulated discretion to fix dues is conferred upon an executive body. (*Carpenter* v. *State Bar*, 211 Cal. 358 [295 Pac. 23], and cases therein cited; *Johnson* v. *State Bar*, 4 Cal. (2d) 744, 758 [52 Pac. (2d) 928].) ■ During his suspension, petitioner was precluded from practicing as an attorney at law. (Sec. 299, Code Civ. Proc.; sec. 6143 of the Business and Professions Code; formerly State Bar Act, sec. 46.) He admitted, in fact stipulated, that during his suspension he did so practice and maintained an office in Los Angeles for that purpose. He was, therefore, guilty of a misdemeanor. (Sec. 6126, Business and Professions Code, *supra*.)

■ We are not impressed with petitioner's persistent denials concerning his knowledge of his suspension for nonpayment of dues. He had practiced law nearly ten years, and admitted that he had several times been delinquent in payment of his dues before the present instance. Although the record is not entirely satisfactory, we feel the showing is sufficient to warrant the action of the board of governors of The State Bar in recommending to this court that petitioner should be penalized for his disregard of the order of this court suspending him from practice.

It is ordered that petitioner Leigh Hummer Hill be and he is hereby suspended from the practice of law in this state for a period of three months from and after the first day of January, 1940.

Curtis, J., Houser, J., Shenk, J., Edmonds, J., Carter, J., and Gibson, J., concurred.