17 Cal.3d 229 (1976)
550 P.2d 1040
130 Cal. Rptr. 504
In re FRANK WILLIAM DEDMAN, JR., on Suspension.
Docket No. S.F. 23396.
Supreme Court of California.
June 22, 1976.
*231 COUNSEL
Frank M. Brown for Petitioner.
Herbert M. Rosenthal for Respondent.
OPINION
THE COURT.
This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar that petitioner be suspended from the practice of law for five years on conditions of probation which include actual suspension for three years.
Petitioner was admitted to practice in California on December 23, 1966, and in September of 1968, he was a sole practitioner. He has no prior record of discipline.
Petitioner was convicted in 1973, following a negotiated plea of nolo contendere on one count of theft (Pen. Code, § 484), one count of grand theft (Pen. Code, § 487), and one count of falsifying documents to be used in evidence (Pen. Code, § 134), crimes involving moral turpitude. On October 31, 1973, we placed him under interim suspension; we denied a petition he filed the following month to set aside our order. In January 1974, we referred the matter to the State Bar on the issue of discipline.
Although petitioner's plea of nolo contendere to two counts of theft and one count of preparing false evidence constitutes "conclusive evidence of guilt" (Bus. & Prof. Code, § 6101), the facts and circumstances are relevant, not on the issue of moral turpitude, but to determine the appropriate discipline to be imposed. (In re Wright (1973) *232 10 Cal.3d 374, 376 [110 Cal. Rptr. 348, 515 P.2d 292]; In re Smith (1967) 67 Cal.2d 460, 462-463 [62 Cal. Rptr. 615, 432 P.2d 231].)
Following an evidentiary hearing, the local administrative committee of the State Bar, consisting of one member, adopted findings and recommended that petitioner be disbarred from the practice of law in this state.
Upon review before the disciplinary board, the examining officer for the State Bar withdrew his original request for disbarment submitted to the local administrative committee and requested that the board grant immediate reinstatement, subject to petitioner's successful completion of a five-year probationary period.
The board also received evidence from petitioner's psychiatrist who characterized petitioner's conduct as "sloppy financial practices" that will not be repeated. He described petitioner as a painfully conscientious man who will not repeat the error of his ways. The clinical psychologist who examined petitioner wrote that petitioner suffers from genuine feelings of guilt and remorse, and accepts his own responsibility in the matter; he opines that the possibility of recurrence of any kind of illegal or unethical conduct is so remote as to be essentially nonexistent.
The District Attorney of Yolo County, in a letter dated August 7, 1975, recommended that the board grant immediate reinstatement to active practice, stating that "the two years suspension which has already resulted are sufficient penalty and punishment to correct any wrongs which petitioner is guilty of."
After receiving this additional evidence submitted by petitioner concerning his character and restitution of funds defalcated, the Disciplinary Board of the State Bar adopted substantially the local administrative committee's findings except for amendments relating primarily to restitution, and by an eight-to-three vote, recommended that petitioner be suspended from the practice of law for five years from the finality of our decision, with actual suspension for three years. Two of the dissenters felt the degree of discipline recommended was insufficient; one felt the discipline was excessive.
Petitioner does not attack the board's findings but contends that the board's recommendation for discipline is excessively severe, as he has *233 already been under interim suspension since November 1973  a period of two years and six months.
Petitioner acknowledges his guilt and accepts full responsibility for the violation of his obligations. Although petitioner recognizes that his conduct warrants discipline to protect both the profession and the public, he asserts that, in view of the mitigating circumstances, the evidence of his rehabilitation, and his interim suspension for over two years, actual suspension for another three years is unduly severe.
(1) In a proceeding to review the disciplinary recommendation of the State Bar for an attorney's suspension from practice, the burden is on the petitioner to show the board's recommendation is erroneous. (In re Higbie (1972) 6 Cal.3d 562, 569 [99 Cal. Rptr. 865, 493 P.2d 97]; Alkow v. State Bar (1971) 3 Cal.3d 924, 934 [92 Cal. Rptr. 278, 479 P.2d 638]; Reznik v. State Bar (1969) 1 Cal.3d 198, 201-202 [81 Cal. Rptr. 769, 460 P.2d 969, 40 A.L.R.3d 161]; Hyland v. State Bar (1963) 59 Cal.2d 765, 767 [31 Cal. Rptr. 329, 382 P.2d 369].) After an independent review of the record, we have determined that petitioner has failed to meet this burden. Indeed, in the view of this court the more substantial issue is whether petitioner's conduct merits disbarment.
The crimes of which petitioner was convicted (grand theft and falsifying documents to be used in evidence) are gross crimes and warrant disbarment in the absence of mitigating circumstances. (In re Cohen (1974) 11 Cal.3d 935, 942 [114 Cal. Rptr. 611, 523 P.2d 651]; In re Bogart (1973) 9 Cal.3d 743, 748 [108 Cal. Rptr. 815, 511 P.2d 1167].) Each case must be resolved on its own particular facts, however, and there are no rigid standards as to the appropriate penalty to be imposed. As a result, similar offenses have received widely varying degrees of punishment. (See Bradpiece v. State Bar (1974) 10 Cal.3d 742, 748, fn. 1 [111 Cal. Rptr. 905, 518 P.2d 337]; Yapp v. State Bar (1965) 62 Cal.2d 809, 819 [44 Cal. Rptr. 593, 402 P.2d 361].) (2) Although we retain the final word as to the discipline to be imposed (Glickman v. State Bar (1973) 9 Cal.3d 179, 184 [107 Cal. Rptr. 65, 507 P.2d 593]), the recommendation of the board is given great weight. (Schullman v. State Bar (1973) 10 Cal.3d 526, 540 [111 Cal. Rptr. 161, 516 P.2d 865].) (3a) We agree with the board that, in view of the mitigating factors present in this case, suspension, and not disbarment, is the appropriate discipline.
Petitioner has taken steps to develop procedures and organization to insure the problem will not recur in the future. He has employed the *234 services of a public accountant over the past two years and intends to utilize his services extensively in the future. Petitioner contemplates returning to practice with an established firm composed of several attorneys. The terms of any period of probation imposed will require petitioner to make regular reports as to his practice and will require him and his accountant to report all trust account transactions.
Prior to the instant events, petitioner had no disciplinary record in his eight years of practice. (In re Jones (1971) 5 Cal.3d 390, 400 [96 Cal. Rptr. 448, 487 P.2d 1016]; Himmel v. State Bar (1971) 4 Cal.3d 786, 798 [94 Cal. Rptr. 825, 484 P.2d 993].) Petitioner has worked successfully as a paralegal since his interim suspension. (Cf. Bradpiece v. State Bar, supra, 10 Cal.3d at p. 747; In re Higbie, supra, 6 Cal.3d at p. 573.) His fellow attorneys and local judges feel confident that his misconduct will not again occur. (Demain v. State Bar (1970) 3 Cal.3d 381, 388 [90 Cal. Rptr. 420, 475 P.2d 652].) Petitioner's wife, fully cognizant of his present difficulties, supports his rehabilitative efforts. He received psychiatric help in analyzing his problems, and his prognosis appears favorable.
From 1968 through 1972, petitioner participated in a number of community activities by providing legal advice and services, drafting or reviewing funding proposals, or collecting funds on behalf of the organizations. He was instrumental in organizing the Action Committee for Juvenile Delinquency, a branch office of the Legal Aid Society for Yolo County, and The Salud East Yolo Medical Facility.
There are extrinsic factors favorable to petitioner. He made prompt restitution after notice from his associate and legal intern, but before he was aware of the criminal investigation or State Bar proceedings. Restitution of misappropriated property may be considered in setting the degree of discipline. (Bradpiece v. State Bar, supra, 10 Cal.3d at p. 748; Benson v. State Bar (1971) 5 Cal.3d 382, 388 [96 Cal. Rptr. 30, 486 P.2d 1230]; Yokozeki v. State Bar (1974) 11 Cal.3d 436, 450 [113 Cal. Rptr. 602, 521 P.2d 858].) Although the fact that his clients ultimately suffered no loss does not excuse his conduct, petitioner points out that he gratuitously paid interest to the estates whose trust he violated and lent money to a client to prevent foreclosure on her home.
Petitioner's candor and cooperation at the hearings and his contrition and willingness to accept punishment also influence our decision. (Bradpiece v. State Bar, supra, 10 Cal.3d at p. 748; In re Higbie, supra, 6 Cal.3d at p. 574; Demain v. State Bar, supra, 3 Cal.3d at p. 388.)
*235 (4) The purpose of a disciplinary proceeding is not punitive but to inquire into the fitness of the attorney to continue in that capacity for the protection of the public, the courts, and the legal profession. (Demain v. State Bar, supra, 3 Cal.3d at p. 386; In re Cohen, supra, 11 Cal.3d at p. 944; Yapp v. State Bar, supra, 62 Cal.2d at p. 817.) (3b) With that purpose foremost in mind, we conclude that the board's recommendation of five years' suspension including three years' actual suspension from the effective date of our order is sufficient discipline to further our principal interest in protection and prevention.
It is ordered that petitioner be suspended from the practice of law for a period of five years from the effective date of this order, the first three years of which shall be actual suspension. Following this three-year period, he shall be placed on probation for two years during which he may engage in practice under the conditions recommended by the Disciplinary Board of the State Bar, except that in lieu of requiring petitioner to certify in his first quarterly report to the State Bar that he has read the State Bar Act and Rules of Professional Conduct, we further order that prior to the end of petitioner's actual period of suspension, he pass the Professional Responsibility Examination. It is further ordered that within 30 days after the effective date of this order petitioner shall perform the acts specified in rule 955, subdivision (a) of the California Rules of Court, and that within 40 days after the effective date of this order petitioner shall file with the clerk of this court an affidavit containing the matters specified in subdivision (c) of the foregoing rule. This order is effective 30 days after the filing of this opinion.
Richardson, J., did not participate therein.