[L.A. No. 30611. Sept. 30, 1976.]

In re BRUCE RONALD SAFRAN on Suspension.

**COUNSEL**

Clarence S. Hunt for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.—** ■ Following petitioner's conviction of two counts of violating section 647a of the Penal Code (annoying or molesting a child under 18) we referred the matter to the State Bar for a hearing, report and recommendation on the question whether the facts and circumstances of the offenses involved moral turpitude or other misconduct warranting discipline and, if so, as to the nature and extent of discipline to be imposed. (Bus. & Prof. Code, §§ 6101, 6102.)

The Disciplinary Board of the State Bar reported that the facts and circumstances surrounding the commission of the offenses involved moral turpitude, but a majority of the board was unable to agree on the extent of discipline. Petitioner concedes that his crimes involved moral turpitude, and the sole issue for our determination is the appropriate discipline.

Petitioner, now 31 years of age, was admitted to practice on December 11, 1973. In 1971 he was convicted for violating section 314, subdivision 1, of the Penal Code (indecent exposure). As a result of his present

conviction, the court granted probation for three years from March 1975 on conditions that he not associate with children under 18 unless in the presence of a responsible adult and that he cooperate with the probation officer in a plan of psychiatric care not to be discontinued without permission of the court.

Petitioner has been following a program of psychiatric consultation and treatment with a highly qualified doctor who expressed the opinion that there is but a remote possibility that he will revert to his past misconduct. Petitioner testified that he intends to continue with psychiatric treatment for as long as is required to come to grips with the problem. He was candid throughout the disciplinary proceedings and expressed remorse for his acts.

Petitioner is associated with other attorneys employed as house counsel for an insurance company. The chief trial attorney for the firm testified that petitioner's performance as a lawyer was of the highest professional caliber and that if petitioner were permitted to continue to practice law their association would remain indefinitely.

Under the circumstances, we are of the opinion that a period of probation under intensive supervision by the State Bar will adequately protect the public and the profession.

It is therefore ordered that Bruce Ronald Safran be suspended from the practice of law for three years; that execution of the order of suspension be stayed; and that he be placed on probation under intensive supervision by the State Bar for said period of three years. We further order as a condition of probation that within one year after the effective date of this order petitioner pass the Professional Responsibility Examination. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) This order is effective 30 days after the filing of this opinion.