[No. H032359. Sixth Dist. Dec. 12, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL EMILIO VIGIL, Defendant and Appellant.

[No. H032972. Sixth Dist. Dec. 12, 2008.]

In re MANUEL EMILIO VIGIL on Habeas Corpus.

**COUNSEL**

Jennifer M. Sheetz, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McADAMS, J.**—On May 1, 2007, defendant was convicted by the court of felony infliction of corporal injury on a spouse and a misdemeanor violation of a protective order (Pen. Code, §§ 273.5, subd. (a), 273.6, subd. (a)) in action No. CC512127.

At the same time, defendant was also convicted by the court of felony assault with a deadly weapon and misdemeanor driving with a suspended or revoked license in action No. CC503983. With respect to both actions, defendant admitted that his prior conviction qualified as a "strike" within the meaning of the "Three Strikes" law. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) He also admitted that his prior conviction qualified as a serious felony with respect to action No. CC503983. (Pen. Code, § 667, subd. (a).)

In action No. CC512127, the court sentenced defendant to the upper term, doubled, for a total term of eight years. In action No. CC503983, the court reduced the assault conviction to a misdemeanor pursuant to Penal Code section 17, credited defendant with 259 days in custody, and deemed the sentence served.

On appeal, defendant makes two claims. First, he argues that reversal of his conviction is required because his right to counsel under article I, section 15 of the California Constitution was violated when his attorney resigned in midtrial from the State Bar while charges were pending. Second, he argues that successor counsel who represented him at his sentencing hearing rendered ineffective assistance of counsel when he failed to make a motion for a new trial on the basis of trial counsel's midtrial resignation. On this second point, defendant has also filed a petition for writ of habeas corpus, to which he has appended successor counsel's declaration, and State Bar records pertaining to trial counsel's resignation. We agree that defendant's state constitutional right to counsel was violated by his attorney's midtrial resignation from the State Bar with charges pending, and that such a violation requires reversal without inquiry into attorney competence. Therefore we need not address defendant's claim of ineffective assistance of counsel against successor counsel. We will reverse the judgment on direct appeal and dismiss the petition for writ of habeas corpus as moot.

## STATEMENT OF FACTS[1]

*Case No. CC503983*

On September 16, 2005, defendant drove his car in front of his girlfriend's car and stopped suddenly at a stoplight. Then, he backed his car into her car, hitting it. When the light changed, he fled. Defendant stipulated that he did not have a valid license at the time.

*Case No. CC512127*

On November 20, 2005, defendant "head-butted" his live-in girlfriend in the face and also kicked her. Her nose bled. When the police arrived, defendant's girlfriend's nose was swollen and had a small cut on the bridge. She also had a small cut on her lower lip and a five-inch abrasion from her

---

[1] Because the historical facts underlying the offenses are not relevant to the issues raised on appeal, they are only briefly summarized.

right cheek to her hairline. Defendant stipulated to the existence of a valid restraining order against him with respect to the victim at the time of the offense.

*Facts Relating to Counsel's Status with the State Bar During Trial*

The trial took four days over the course of several months: November 20 and 21, 2006; March 15 and May 1, 2007. On April 27, 2007, between the third and fourth days of trial, Mr. Guzzetta resigned from the State Bar with charges pending.[2] State Bar records further show that as of that date, he was not eligible to practice law.

At the start of the sentencing hearing, the trial court stated: "This was a court trial done over a several month period on a time-waived basis with Mr. Guzzetta serving as Mr. Vigil's counsel for the trial. And I assume counsel are aware that Mr. Guzzetta during the pendency of this case was stripped of his ability to practice law in California, became a nonactive member by resigning in lieu of being terminated. So it was essentially involuntary resigning is my understanding. [¶] Now what is critical here is also that during this case Mr. Guzzetta believed himself to be an active member of the Bar during the latter portions of the trial. . . . That turned out to be incorrect. In fact, he was not active as an attorney in California as of the date he signed that resignation; therefore he in fact participated in the latter part of this trial as a noncertified attorney in the State of California. [¶] Is that—I'm hoping that is not news to anyone."

When the prosecutor indicated some surprise, the court went on to state: "Because I do remember in court him representing to the court his status with the State Bar proceedings and representing to the court at that time that he believed himself to be an active member, would be able to wrap up his practice including this trial; but in fact that was not the case. He was not an active member as of the date he signed the resignation." The prosecutor indicated that he also remembered the conversation between Mr. Guzzetta

---

[2] The Attorney General requests that we take judicial notice of trial counsel's State Bar records, which are set forth at the California State Bar Web site. (See <http://members.calbar.ca.gov/ search/member_detail.aspx?x=59450> [as of Dec. 12, 2008].) Defendant's reply brief makes no objection to the Attorney General's request and, as noted above, selected State Bar records are included by him as exhibits to his petition for writ of habeas corpus. Therefore, we take judicial notice of Rudy Guzzetta's State Bar records, including his letter of resignation from the State Bar, tendered on April 27, 2007, with charges pending; the notation that as of that date he was not eligible to practice law; and the California Supreme Court's acceptance of his resignation on July 21, 2007. (Evid. Code, §§ 459, 452, subd. (h).)

and the court but that "[t]he part that I was not aware of was that the State Bar deemed him to be inactive, unable to practice law at the time he signed the agreement." Successor counsel stated he too learned after the fact that Mr. Guzzetta had "misunderstood the scenario."

The court then indicated that when it found out that "Mr. Vigil was represented by Mr. Guzzetta in the latter part of the trial when he was not a lawyer," it did some research and concluded that "[e]ssentially it's a prejudice standard. There is no de facto remedy or problem. . . . In other words, was there some prejudice to the defendant by having a noncertified lawyer represent him in the latter part of that proceeding? My factual finding of that is absolutely not. I thought Mr. Guzzetta was a very experienced attorney and represented Mr. Vigil thoroughly, professionally, appropriately. I am also in complete belief of his honesty as to his claiming to think that he was in active status at the time he completed this matter so I do not find any prejudice for Mr. Vigil based on Mr. Guzzetta's representation of him; quite the opposite. I thought that he received capable representation from Mr. Guzzetta. [¶] Obviously, also since I did not even know that Mr. Guzzetta was not a certified attorney at the time of the verdict in this matter, it clearly did not have any effect on the court's determination of guilt in these matters. So I just wanted to place that on the record."

## DISCUSSION

In *In re Johnson* (1992) 1 Cal.4th 689, 693–694 [4 Cal.Rptr.2d 170, 822 P.2d 1317] (*Johnson*), our Supreme Court held that "representation by an attorney who has submitted a resignation with disciplinary proceedings pending, and has as a result been placed on inactive status, denies a criminal defendant the counsel guaranteed by article I, section 15 of the California Constitution"; the error is reversible error per se (*id.* at p. 701). Article I, section 15 provides, in relevant part: "The defendant in a criminal cause has the right to a speedy public trial, to compel attendance of witnesses in the defendant's behalf, to have the assistance of counsel for the defendant's defense, to be personally present with counsel, and to be confronted with the witnesses against the defendant."

The *Johnson* court reasoned that "[t]he right to counsel guaranteed by article I, section 15, is the right to an attorney admitted to practice by this court. [Citations.] . . . Modernly, since adoption of the State Bar Act, the administrative aspects of attorney licensing and discipline are performed by the State Bar in the first instance [citations]; article VI, section 9, mandates

that persons who practice law in this state be members of the State Bar. . . . Therefore, representation by a member of the State Bar is now essential if the constitutional guaranty is to be satisfied." (*Johnson, supra,* 1 Cal.4th at pp. 700–701.) The court also noted that "[p]racticing law, or holding oneself out as practicing or entitled to practice law, while under suspension or transfer to inactive status by virtue of submission of one's resignation with charges pending, is both unlawful (Bus. & Prof. Code, § 6126) and a contempt (Bus. & Prof. Code, § 6127)." (*Id.* at p. 696, fn. 2.)

Hane, the attorney in *Johnson,* had been suspended from practicing law pursuant to Business and Professions Code section 6102 following his conviction for a violation of Penal Code section 288, subdivision (a), but he had also been transferred to inactive enrollment upon the filing of his resignation with charges pending pursuant to California Rules of Court, former rule 960(a). While the court was not prepared to hold that "a suspension under section 6102 alone creates a presumption of incompetence or deprives the defendant of his right to the 'fully licensed attorney' contemplated by article I, section 15" (*Johnson, supra,* 1 Cal.4th at pp. 696–697), it did hold in no uncertain terms that "representation by a person who, although formerly licensed, has resigned from the State Bar" violates article I, section 15 of the California Constitution "as a matter of law," and that "[t]he court will not examine the quality of the representation in such cases since an essential element of the constitutional right to counsel is counsel's status as a member of the State Bar." (1 Cal.4th at p. 701.)

█ The court also clarified that "[i]t is irrelevant that this court had not yet accepted Hane's resignation at the time he represented petitioner. A resignation with charges pending causes an immediate transfer of the attorney to inactive status. (Rule 960(a).) Hane submitted his resignation from the State Bar in the form prescribed by rule 960(b) relinquishing 'all right to practice law in the State of California' and agreeing that: [¶] '[U]pon the filing of this resignation by the Office of the Clerk, State Bar Court, that I will be transferred to inactive membership of the State Bar. Upon such transfer, I acknowledge that I will be ineligible to practice law or to advertise or hold myself out as practicing or as entitled to practice law.' " (*Johnson, supra,* 1 Cal.4th at p. 701.)[3] With limited exceptions, which no one argues apply in this case, the Supreme Court "must accept a rule 960 resignation. . . . [¶] . . . [T]he license to practice of an attorney transferred to inactive status pursuant to this rule has been irrevocably surrendered. If this court refuses or delays acceptance of the resignation it does so only because further

---

[3] This is the exact language used by Mr. Guzzetta in his letter of resignation.

proceedings related to the disciplinary charges must be carried out, additional charges lodged, or full compliance with the attorney's duties compelled. Unlike an attorney whose right to practice is suspended, there will be no further hearing to determine the attorney's competence or fitness to continue practice. The attorney is, for all purposes other than continued jurisdiction of the State Bar Court and this court, no longer a member of the State Bar. The attorney is not licensed to practice law in the State of California within the contemplation of article I, section 15." (*Id.* at pp. 701–702.) The court concluded: "Therefore, while Hane's suspension alone does not establish incompetence as a matter of law, his representation of petitioner following the submission of his resignation from the State Bar with charges pending denied petitioner the representation guaranteed by article I, section 15." (*Id.* at p. 702.)

The court has continued to refine the rules relating to suspensions. (*People v. Sanchez* (1995) 12 Cal.4th 1 [47 Cal.Rptr.2d 843, 906 P.2d 1129] [pending disciplinary proceedings against attorney do not automatically render performance inadequate or prejudice defendant's right to effective assistance]; *People v. Ngo* (1996) 14 Cal.4th 30 [57 Cal.Rptr.2d 456, 924 P.2d 97] [no denial of counsel found where attorney's involuntary enrollment on inactive status was the result of noncompliance with mandatory continuing legal education requirements]; *People v. Frye* (1998) 18 Cal.4th 894, 997 [77 Cal.Rptr.2d 25, 959 P.2d 183] [stayed order of suspension did not violate defendant's state constitutional right to counsel or effective assistance]; see also *People v. Barillas* (1996) 45 Cal.App.4th 1233 [53 Cal.Rptr.2d 418] [suspension for commingling funds did not deny state constitutional right to counsel because attorney was still a State Bar member, even though inactive], cited with approval in *People v. Ngo*, at p. 38.) However, in each of the cases cited above, the court has consistently reaffirmed the principles expressed in *Johnson* relating to attorneys who represent clients after submitting their resignations from the State Bar with charges pending. (*People v. Sanchez*, at p. 44; *People v. Ngo*, at pp. 32, 35; *People v. Frye*, at p. 997; *People v. Barillas*, at pp. 1238–1240 & fn. 6.)

The Attorney General acknowledges *Johnson*'s holdings regarding representation by attorneys who resign with charges pending, but nevertheless argues that *Johnson* is factually distinguishable and not controlling because in this case Mr. Guzzetta conducted three of the four days of trial before his resignation. Therefore, he argues, we should examine the record for evidence of ineffective assistance. We disagree.

■ Article 1, section 15 of the California Constitution guarantees a criminal defendant the right to representation by a fully licensed member of the State Bar during his entire trial. Nothing in the rationale of *Johnson*

suggests that a reviewing court may dispense with that guarantee if the defendant was represented by a member of the State Bar for three-quarters, or one-half, or one-quarter of a trial before his attorney resigned from the State Bar. On the fourth day of trial, after his resignation, Mr. Guzzetta presented a defense witness, defended against a rebuttal witness, argued defendant's case to the court and received the court's verdict.

■ The right to counsel is the right to be represented by counsel "at all critical stages of the prosecution" (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 1001 [47 Cal.Rptr.3d 467, 140 P.3d 775]). Each of these junctures was a critical stage of the proceedings at which defendant was entitled to the assistance of a fully licensed member of the State Bar under the state Constitution. As the United States Supreme Court has observed with respect to the federal Constitution, "The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." (*United States v. Cronic* (1984) 466 U.S. 648, 659, fn. 25 [80 L.Ed.2d 657, 104 S.Ct. 2039].)

Here, counsel was totally absent, for state constitutional purposes, for the simple reason that Mr. Guzzetta, after his resignation with charges pending, was no longer an attorney eligible to practice law in the State of California. Furthermore, contrary to the trial court's understanding, nothing in *Johnson*, or in any of the cases following it, suggests that a different rule applies if trial counsel erroneously thinks his or her resignation does not take effect until the Supreme Court accepts it. Indeed, *Johnson* teaches otherwise. Here, as in *Johnson*, Mr. Guzzetta's resignation became effective immediately. Therefore, he was not a fully licensed attorney eligible to practice law in California on May 1, 2007, the fourth and final day of defendant's trial. Pursuant to *Johnson*, reversal is required.

In view of our conclusion, we do not address defendant's contention, raised in his opening brief and in his habeas corpus petition, that successor counsel rendered ineffective assistance of counsel by failing to make a new trial motion based on Mr. Guzzetta's representation of defendant following his resignation from the State Bar with charges pending.

## CONCLUSION

Trial counsel's representation of defendant following his resignation from the State Bar with charges pending deprived defendant of his state constitutional right to counsel, and his case must be reversed.

## DISPOSITION

The judgment is reversed.

The petition for writ of habeas corpus is denied as moot.

Bamattre-Manoukian, Acting P. J., and Duffy, J., concurred.