[No. S049006. Oct. 24, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
TIN TRUNG NGO, Defendant and Appellant.

**COUNSEL**

Robert Spertus, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman, Joan Killeen, Ann K. Jensen and Juliet B. Haley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WERDEGAR, J.—** ■ California Constitution, article I, section 15, like its federal counterpart (U.S. Const., Amend. VI), guarantees criminal defendants the right to representation by counsel. The guarantee encompasses the right to an attorney admitted to practice by this court. (*In re Johnson* (1992) 1 Cal.4th 689, 700 [4 Cal.Rptr.2d 170, 822 P.2d 1317] (hereafter *Johnson*).) We noted in *Johnson, supra,* 1 Cal.4th 689, that representation by a person who has never been admitted to the practice of law or who fraudulently procured admission, or by one who has resigned from the State Bar (hereafter the bar), denies a defendant the right secured by article I, section 15. (*Johnson, supra,* 1 Cal.4th at p. 701.) Here we must decide whether a defendant is denied the right to counsel[1] when his or her attorney is placed on inactive status for failure to comply with mandatory continuing legal education (hereafter MCLE) requirements, and thereafter represents defendant at a sentencing hearing. Under these circumstances, the Court of Appeal reversed defendant's conviction without examining the quality of counsel's representation or inquiring whether prejudice resulted from counsel's inactive status. We conclude the Court of Appeal erred, and therefore reverse the judgment.

FACTS

By information filed on May 9, 1994, defendant was charged in 13 counts with second degree robbery, attempted robbery, false imprisonment, burglary, buying or receiving stolen property, and vehicle theft; some of the counts alleged enhancements for being armed with, or personally using, a firearm. (Pen. Code, §§ 664/211/212.5, 236, 237, 459/460, 462, subd. (a), 496, 1203.06, 12022, subd. (a)(1), 12022.5, subd. (a); Veh. Code, § 10851, subd. (a).) After trial commenced, but before jury selection began, defendant

---

[1]The parties rely exclusively on the California constitutional right to counsel; we therefore need not and do not address its federal counterpart.

indicated he was ready to plead no contest to all charges as part of a negotiated settlement. In return, the trial court agreed to impose a 10-year prison sentence. After being advised of his rights, defendant entered the no-contest plea to each count and enhancement alleged in the information, and the trial court found a factual basis for each.

At the sentencing hearing, defendant moved to withdraw his plea and sought appointment of new counsel. The trial court denied the motions, resumed the sentencing hearing, and sentenced defendant to 10 years' imprisonment.

Defendant obtained a certificate of probable cause (Pen. Code, § 1237.5) and appealed. He contended he was denied counsel during his sentencing, in that his attorney was at that time on inactive status as a member of the bar due to noncompliance with MCLE requirements. The record on appeal did not establish trial counsel's status, but the Court of Appeal took judicial notice of bar records presented to the court in connection with defendant's concurrent petition for writ of habeas corpus. (Evid. Code, §§ 459, subd. (a), 452, subd. (h).) Defendant also argued counsel rendered ineffective assistance in various respects, thereby prejudicing him.

The Court of Appeal concluded representation by an attorney who is on inactive status because of failure to meet MCLE requirements constitutes a per se denial of the right to counsel guaranteed by article I, section 15 of the California Constitution. The court reversed defendant's conviction. We granted the People's petition for review.

## DISCUSSION

MCLE is a creature of statute and court rule. In 1989 the Legislature enacted Business and Professions Code section 6070, which directed the bar to request this court to adopt a rule of court authorizing the bar to establish and administer an MCLE program. (Bus. & Prof. Code, § 6070, subd. (a).) The bar was directed to request adoption of a rule requiring that, within designated 36-month periods, all active members of the bar (save members falling within certain exempt categories) complete at least 36 hours of approved legal education activities. (Bus. & Prof. Code, § 6070, subds. (a), (c) [exemptions].) The statute provides that a member who fails to satisfy the MCLE requirements of the program authorized by this court "shall be enrolled as an inactive member" pursuant to rules adopted by the Board of Governors of the bar. (Bus. & Prof. Code, § 6070, subd. (a).)

Pursuant to the statute, rule 958 of the California Rules of Court was adopted, effective December 6, 1990. The rule requires the bar to establish

and administer an MCLE program under rules adopted by the Board of Governors. (Cal. Rules of Court, rule 958(b).) The rule, like the statute, requires all active members of the bar, with certain exceptions, to complete 36 hours of approved legal education within 36-month periods designated by the bar. (Cal. Rules of Court, rule 958(c).) As amended in 1992, the rule provides that eight of the thirty-six hours must be in either legal ethics or law practice management, except that one hour of the eight may instead address the civil and criminal remedies available for civil rights violations, but no fewer than four of the eight must address legal ethics. (Cal. Rules of Court, rule 958(c).) None of the required hours needs to be in the attorney's area of practice.

Effective September 1, 1995, the bar has promulgated extensive rules and regulations governing the provision of MCLE, proof of compliance, and consequences of noncompliance. (State Bar Min. Cont. Legal Ed. Rules, rule 1.0 et seq. (hereafter MCLE Rules).) Although the regulations postdate the trial in defendant's case, they are instructive as to the types of acts and omissions that currently can result in involuntary enrollment on inactive status.[2] In particular, the regulations define noncompliance to include not only the failure to complete MCLE requirements within the compliance period or any granted extension thereof, but also failure to provide attestation of compliance, failure to provide satisfactory evidence of compliance, and failure to pay applicable noncompliance fees. (MCLE Rules, rule 13.0.) Conceivably, under the regulations, an attorney may be deemed noncompliant due to clerical oversight, such as failure to submit proof of attendance at MCLE programs.

An attorney failing to comply with MCLE requirements receives a noncompliance notice specifying what he or she must do to comply, and giving 60 days in which to do so. (MCLE Rules, rule 13.2.) An attorney failing to comply with MCLE requirements after the expiration of the 60-day grace period is enrolled as an inactive member of the bar. (MCLE Rules, rule 14.1.) This involuntary inactive enrollment terminates, and the attorney is reinstated as an active member, when he or she provides proof of compliance with MCLE requirements, including payment of applicable noncompliance fees. (MCLE Rules, rule 15.1.) Both involuntary inactive enrollment and reinstatement are administrative in nature; no hearings are required. (MCLE Rules, rules 14.2, 15.2.)

In concluding trial counsel's inactive status resulting from MCLE noncompliance denied defendant his right to counsel, the Court of Appeal in this case relied on our decision in *Johnson, supra,* 1 Cal.4th 689. *Johnson,*

---

[2]The record in this case does not reflect the nature of defendant's counsel's noncompliance.

however, does not compel the conclusion that an attorney's involuntary enrollment on inactive status for MCLE noncompliance results in a denial of counsel. We turn now to that case.

In *Johnson,* a defendant awaiting trial in a criminal case retained an attorney who, unknown to him, was then suspended from the practice of law following conviction of a felony involving moral turpitude. (Bus. & Prof. Code, § 6102.) During his representation of the defendant, the attorney resigned from the bar. Arguing he had been denied his California constitutional right to counsel, the defendant sought reversal of his conviction. We first considered whether counsel's suspension alone created a presumption of incompetence or deprived defendant of his right to the "fully licensed attorney" contemplated by article I, section 15 of the California Constitution. (*Johnson, supra,* 1 Cal.4th at pp. 696-701; see *People* v. *Perez* (1979) 24 Cal.3d 133 [155 Cal.Rptr. 176, 594 P.2d 1, 3 A.L.R.4th 339]; Cal. Rules of Court, rule 983.) We concluded it did not, observing that "[a]n attorney who is professionally competent does not become any less competent upon the filing of an order made pursuant to [Business and Professions Code] section 6102 suspending the attorney from practice." (*Johnson, supra,* 1 Cal.4th at p. 697.) We noted further: "A mandatory suspension pending finality of the judgment of conviction following commission of a crime of moral turpitude does not reflect a legislative or judicial assessment of the attorney's professional competence. [Fn. omitted.]" (*Ibid.*)

We went on in *Johnson* to determine, however, that the attorney's resignation from the bar with charges pending resulted in the effective relinquishment of his license to practice law. (1 Cal.4th at p. 702.) The attorney's continued representation of the defendant after such relinquishment denied the defendant his constitutionally guaranteed right to counsel. (*Ibid.*)

In the present case, defendant's trial counsel was not suspended from the practice of law pursuant to Business and Professions Code section 6102, nor did he resign. The Court of Appeal nevertheless reversed, after focusing on the following language from *Johnson*: "[A] conclusion that an attorney who has committed an offense of moral turpitude is unfit to practice law is not necessarily a judgment on the attorney's professional competence. We do not presume that a suspended attorney lacks professional competence. 'Merely because an attorney has been disciplined for some infraction of the rules by which he must abide is no reason for assuming that he is not a qualified and efficient lawyer. Erring morally or by breach of professional ethics does not necessarily indicate a lack of knowledge of the law.' [Citations.] [¶] Professional competence is only one element in determining whether an individual is 'fit' to practice law. Professional competence

demonstrated by education and examination *and* good moral character are required for admission to practice. [Citation.] Commission of acts manifesting moral turpitude may establish unfitness even if the attorney's professional competence is not disputed." (*Johnson, supra*, 1 Cal.4th at p. 699.) From these propositions, the Court of Appeal reasoned that when the reason for the suspension relates to professional competence, the suspension itself should trigger the presumption. The Court of Appeal concluded the bar's MCLE requirements are directly related to professional competence, and failure to maintain the standards necessarily reflects "a legislative or judicial assessment of the attorney's professional competence." (*Johnson, supra*, 1 Cal.4th at p. 697.)

Although the right to counsel clearly entails a right to competent representation by a licensed attorney, and although MCLE requirements clearly do *relate* to professional competence, in the sense they are intended to enhance the competence of attorneys practicing law in this state, the inference is unwarranted that any and all noncompliance with those requirements necessarily *establishes* an attorney's professional incompetence or constitutionally deficient performance in representation following enrollment on inactive status.[3] As noted above, noncompliance may consist of a simple failure to submit proof of attendance at approved programs or to remit noncompliance fees, neither of which establishes incompetence. As such, an attorney's noncompliance per se is no reflection on his or her professional competence. Moreover, even if the noncompliance consists of the failure to attend approved programs, numerous California attorneys, before the advent of the MCLE requirement, no doubt failed to complete 36 hours of legal education within a 36-month period; the eventual adoption of the regulations requiring such legal education cannot support an inference that those attorneys were therefore incompetent.

We have noted that "admission of an attorney to the bar establishes that the State deems him competent to undertake the practice of law before all our courts, in all types of actions." (*Smith* v. *Superior Court* (1968) 68 Cal.2d 547, 559 [68 Cal.Rptr. 1, 440 P.2d 65].) The reasoning of the Court of Appeal in this case, however, would compel the opposite conclusion if, hypothetically, the bar, following provision of notice of noncompliance and

---

[3]Defendant asks this court to take judicial notice of certain documents lodged in the California State Archives, arguing they bear on the intent of the Legislature in enacting the MCLE requirement. (Evid. Code, §§ 452, 459.) As the materials are a proper subject of judicial notice, we grant the request, but find in them nothing to contradict our reading of Business and Professions Code section 6070, the regulations, or rule 958 of the California Rules of Court. Defendant does not contend the materials suggest the Legislature intended to invalidate judgments in cases handled by attorneys who fail to comply with MCLE requirements.

after lapse of the 60-day grace period, were to enroll an attorney on inactive status for failure to submit the required proof of compliance. We think it illogical to conclude that a California attorney, presumptively competent on day one, becomes incompetent on day sixty-one merely by virtue of MCLE noncompliance. Moreover, if an attorney's involuntary enrollment on inactive status for noncompliance with MCLE requirements were indeed deemed the equivalent of a finding of incompetence, as the Court of Appeal apparently reasoned, it would be anomalous to permit the attorney's administrative reinstatement simply on submission of proof of compliance consisting of little more than a collection of attendance records. Yet the regulations evidently contemplate such a procedure. (See MCLE Rules, rules 12.2 [member's recordkeeping requirement], 15.1, 15.2.)

In addition, various classes of attorneys, notably employees of the state, are statutorily exempt from compliance with MCLE requirements. If MCLE compliance were truly a sine qua non of competence, surely the Legislature would not have exposed the state to incompetent representation by its own in-house counsel. In fact, the legislative history makes no such claims for MCLE. The staff report of the Assembly Subcommittee on the Administration of Justice merely predicts that MCLE " 'will contribute positively to the goals of maintaining and enhancing attorney competence,' " (Assem. Subcom. on Admin. of Justice, Rep. on Sen. Bill No. 905 (1989-1990 Reg. Sess.) p. 2) and the State Bar Commission's Final Report of the Commission to Study Mandatory Continuing Legal Education (Final Report), included in the legislative archives, "acknowledge[s] the lack of any statistical evidence clearly demonstrating a direct, positive correlation between MCLE and attorney competence." (Final Rep., *supra*, p. 7.) Defendant relies heavily on the stated legislative aim of maintaining and enhancing attorney competence, but he fails to appreciate that merely because an attorney can, through attendance at MCLE, become *more competent* does not mean he or she was *incompetent* to begin with.

The Texas Court of Appeals, faced with the identical issue, similarly concluded an attorney's suspension for noncompliance with MCLE requirements did not deny a criminal defendant effective assistance of counsel. (*Henson* v. *State* (Tex.App. 1996) 915 S.W.2d 186, 194-195.) Distinguishing situations in which defense counsel is unauthorized to practice law due to failure to seek licensure, or denial of a license for reasons relevant to fitness (such as failure to pass a bar examination or want of good moral character), the Texas court concluded suspension for technical violations such as nonpayment of bar dues or noncompliance with MCLE requirements does not deny a defendant the right to counsel. (*Id.* at p. 194.) Determining that the attorney "did not suddenly become incompetent merely because he failed to

comply" with Texas MCLE requirements, the court concluded the defendant's conviction would not be reversed absent a showing that the attorney rendered ineffective assistance of counsel. (*Id.* at p. 195.) We find persuasive the Texas court's reasoning.

Recently, the Michigan Supreme Court, in *People* v. *Pubrat* (1996) 451 Mich. 589 [548 N.W.2d 595] (*Pubrat*), held a criminal defendant was not denied his right to counsel despite the fact that, during the pendency of the case, his attorney was under disciplinary suspension following conviction of attempted conspiracy to manufacture, deliver or possess marijuana with the intent to deliver or possess marijuana. (*Id.* at pp. 591-592 [548 N.W.2d at pp. 596-597].) The court in *Pubrat* reasoned that suspension does not alter counsel's formal status as an attorney, and is in fact irrelevant to the inquiry whether defendant received the constitutionally mandated assistance of counsel. (*Ibid.*) The *Pubrat* court also held the attorney's suspension did not, by itself, create a reasonable probability the defendant was denied the effective assistance of counsel. (*Id.* at pp. 595-596 [548 N.W.2d at pp. 597-598].) We need not and do not decide whether, under California law, an attorney's suspension from practice per se is "irrelevant" to the question whether the defendant has received the assistance of counsel; we merely hold that representation of a criminal defendant by an attorney who has been involuntarily enrolled on inactive status for MCLE noncompliance does not, in itself, amount to the denial of counsel. (Cf. *People* v. *Barillas* (1996) 45 Cal.App.4th 1233, 1239-1241 [53 Cal.Rptr.2d 418], review dism. as improvidently granted and opn. ordered pub. by Supreme Ct., Oct. 24, 1996.)

CONCLUSION

The Court of Appeal in the present case reversed defendant's conviction without addressing his specific claims of ineffective assistance of counsel. We reverse the judgment and remand the case to the Court of Appeal to enable it to do so.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Chin, J., and Brown, J., concurred.