WHIPPLE, J.,
dissenting.
Citing Solina v. United States, 709 F.2d 160 (2d Cir.1983), the majority herein adopts for this circuit a per se rule that “[a]n unlicensed practitioner, unauthorized to practice law within the state, fails to meet the guarantee of counsel afforded a criminal defendant by our constitution” and that “Representation by an individual precluded from practicing law before the court cannot satisfy the defendant’s constitutional right to counsel,” with no requirement of any showing of prejudice.
However, I find that the sole Louisiana case addressing the issue presented herein is both well-reasoned and legally correct. In State v. McKinsey, 2000-0406, p. 14 (La.App. 4th Cir.1/17/01), 779 So.2d 993, 1000-1001, defendant complained that his trial attorney was ineffective because he was ineligible (based upon his noncompliance with state CLE requirements) to practice law. The Fourth Circuit noted that defendant failed to cite case law supporting his position and to specify his counsel’s prejudicial acts, which were caused by noncompliance with the professional education requirements. The court explained that the defendant must make allegations of ineffectiveness and show prejudice. The court further found that the record of all the proceedings showed that defendant was ably represented by his attorney.
Additionally, in People v. Ngo, 14 Cal.4th 30, 57 Cal.Rptr.2d 456, 924 P.2d 97, (1996), the California Supreme Court addressed the question of whether an attorney, who is on inactive status because of failure to meet CLE requirements, ^constitutes a per se denial of the right to counsel guaranteed by the California Constitution. The court reviewed the professional rules relating to CLE requirements and the relationship of the CLE requirements to competency. The California Supreme Court concluded that the representation of a criminal defendant by an attorney who has been involuntarily enrolled on inactive status for CLE noncompliance does not, in itself, amount to a denial of counsel.
Similarly, in Henson v. State, 915 S.W.2d 186, 194-195 (Tex.App. — Corpus Christi 1996), the Texas court concluded that a suspension for technical violations such as nonpayment of bar dues or noncompliance with CLE requirements does not deny a defendant the right to counsel. The court further concluded that the defendant’s conviction would not be reversed absent a showing that the attorney rendered ineffective assistance of counsel.
In U.S. v. Maria-Martinez, 143 F.3d 914 (5th Cir.1998), cert. denied, 525 U.S. 1107, 119 S.Ct. 876, 142 L.Ed.2d 776 (1999), defendant appealed his guilty plea which was entered while he was represented by an attorney who had been barred from practicing for six months in Fifth Circuit courts. The court addressed the res nova issue of the application of a per se ineffectiveness rule and declined to establish such a rule in cases of representation by uncredentialed lawyers.
Considering these cases, I find no basis to forge new ground herein and establish a per se rule of ineffectiveness when a de *659 fendant is represented by an attorney who is ineligible to practice law. In the instant case, the defendant made no specific claims of deficient conduct by his attorney or of any prejudice whatsoever from his attorney’s acts or omissions. However, under the rule now adopted by the majority, defendant is not required to do |3so. In my view, there is no sound basis for such a rule. Accordingly, I dissent from the majority’s opinion herein and would affirm.