STATE OF NEBRASKA, APPELLANT, V. TERRY L. BENNETT, APPELLEE.
591 N.W. 2d 779

Filed April 16, 1999.    No. S-98-016.

Darryl R. Lowe, Deputy Douglas County Attorney, on brief, for appellant.

Emil M. Fabian, of Fabian & Thielen, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The State appeals the district court's decision granting postconviction relief to the appellee, Terry L. Bennett. The district court concluded that Bennett's trial counsel had rendered ineffective assistance of counsel at trial in the following respects: Counsel was ineffective per se because he was fraudulently readmitted to the bar, counsel failed to object to evidence of Bennett's prior bad acts, and counsel failed to call alibi witnesses. We reverse, and dismiss because Bennett had different counsel on direct appeal than at trial and, therefore, his postconviction ineffective assistance of counsel claims could have been raised on direct appeal. Because they were not, his claims are procedurally barred.

## BACKGROUND

Bennett was charged with the offenses of robbery and assault in the first degree on October 2, 1991. Bennett retained attorney Charles M. Radosevich to represent him. At trial, Bennett and other witnesses were questioned concerning Bennett's prior bad acts, including his alleged ties to a certain street gang, his

alleged status as a drug dealer, his alleged failure to file tax returns, his being wounded in a drive-by shooting, and his lavish drug-financed lifestyle. Radosevich did not object to the above questioning or testimony, nor did he file any motions in limine to exclude the use of prior bad acts evidence at trial. Radosevich also did not call certain alibi witnesses at trial. After a jury verdict, Bennett was convicted on both charges. Bennett was sentenced on June 3, 1992, to concurrent terms of imprisonment for 16⅔ to 20 years and 6⅔ to 20 years.

Bennett appealed his convictions to the Nebraska Court of Appeals, asserting that the trial court had committed reversible error by excluding certain evidence and that Bennett's sentences were excessive. The Court of Appeals affirmed Bennett's convictions and modified the terms of Bennett's imprisonment on November 9, 1993. *State v. Bennett*, 2 Neb. App. 188, 508 N.W.2d 294 (1993).

On August 21, 1992, while Bennett's appeal was pending, disciplinary proceedings were filed in this court against Radosevich. Radosevich had been disbarred by the Colorado Supreme Court on October 30, 1989, for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Radosevich, who had let his membership in the Nebraska State Bar Association lapse, applied for reinstatement on January 13, 1991, but did not inform the Nebraska bar of his disbarment in Colorado. The Nebraska State Bar Association returned Radosevich to active membership on February 22, 1991. Following disciplinary proceedings, Radosevich was disbarred by this court on June 11, 1993.

On August 19, 1997, Bennett filed an amended motion for postconviction relief. An evidentiary hearing was held, and the trial court granted Bennett's motion. The trial court found that Radosevich's representation of Bennett was ineffective in that (1) Radosevich had been disbarred in Colorado and obtained readmission to the Nebraska bar by fraudulent means, which is per se insufficient to satisfy the Sixth Amendment's guarantee of the right to counsel; (2) Radosevich failed to object to evidence concerning Bennett's prior bad acts; and (3) Radosevich failed to call certain alibi witnesses.

## ASSIGNMENTS OF ERROR

The State asserts that the district court erred in (1) granting Bennett's motion for postconviction relief because the issues raised in Bennett's postconviction motion were procedurally barred by Bennett's failure to raise them on direct appeal; (2) concluding that Bennett's trial counsel was ineffective per se because of a prior, unrelated disciplinary action for professional misconduct in another state; and (3) finding that Bennett's trial counsel was ineffective because of his decisions of trial strategy.

## ANALYSIS

The State argues that Bennett could have litigated the issues he raised in his postconviction motion in his direct appeal and, thus, that Bennett's postconviction motion is procedurally barred, citing *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991). In *Whitmore*, the plaintiff sought postconviction relief based upon an alleged conflict concerning his trial counsel's representation of a codefendant. This court noted that the plaintiff had different counsel on appeal than he had at trial and that the plaintiff had not assigned as error that his appellate counsel's failure to raise the conflict of interest claim amounted to ineffective assistance of counsel. We also noted that the plaintiff and his appellate counsel knew of the alleged conflict of interest at the time of the plaintiff's direct appeal. Based on these circumstances, this court held that the conflict issue could have been raised on direct appeal and that the plaintiff's motion for postconviction relief was therefore procedurally barred.

In the instant case, it is clear that Bennett has not assigned as error that his appellate counsel on direct appeal provided ineffective assistance. The questions are whether Bennett's counsel on direct appeal was different than his counsel at trial, and whether Bennett and his counsel on direct appeal were aware of the facts underlying his claims for postconviction relief.

A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal. See, *State v. Whitmore, supra*; *State v. Vann*, 2 Neb. App. 946, 519 N.W.2d 568 (1994). The record in Bennett's direct appeal clearly indicates that Bennett had different counsel on direct

appeal and that Bennett and his appellate counsel were aware of the issues Bennett raised in his motion for postconviction relief.

Radosevich filed Bennett's notice of appeal and a brief on Bennett's behalf. However, during the pendency of the appeal, the Court of Appeals was informed that Radosevich had been suspended from the practice of law. The Court of Appeals ordered the district court to hold an in forma pauperis hearing and appoint new counsel if necessary. Another attorney was appointed to argue Bennett's appeal by the district court. Bennett's new appellate counsel filed a motion to extend the brief date and to amend Bennett's brief. In her supporting affidavit, appellate counsel on direct appeal stated that she "has carefully reviewed both the trial transcripts and the appellate briefs in this matter" and that she has "spoken with [Bennett] regarding various issues in his appeal." The affidavit also stated that Radosevich had been suspended from the practice of law by this court on March 10, 1993.

Thus, Bennett and his new attorney, by virtue of the new attorney's appointment, were aware of the issue concerning Radosevich's improper reinstatement to practice. The new attorney's review of the record would have revealed Radosevich's failure to object to evidence concerning prior bad acts. Finally, Bennett himself would have been aware of Radosevich's refusal to call certain alibi witnesses and could have related as much to his new appellate counsel. Had Bennett or his new appellate counsel thought that any of these issues had merit, they could have assigned them as error in Bennett's direct appeal. A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Ditter*, 255 Neb. 696, 587 N.W.2d 73 (1998). Moreover, if Bennett thought that his new appellate counsel's failure to do so amounted to ineffective assistance of counsel, he could have asserted as much in his motion for postconviction relief.

It is of no moment that certain issues raised by Bennett in his motion for postconviction relief, had they been raised in his direct appeal, might have required an evidentiary hearing. Claims of ineffective assistance of counsel raised for the first time on direct appeal do not require dismissal ipso facto; the

determining factor is whether the record is sufficient to adequately review the question. *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d 673 (1999). Although an appellate court will not address an ineffective assistance of counsel claim on direct appeal when the matter necessitates an evidentiary hearing, *id.*, an appellate court's refusal to do so does not bar a later motion for postconviction relief.

We conclude that Bennett's postconviction motion is procedurally barred because Bennett could have litigated the issues he raised in his postconviction motion on direct appeal. Therefore, the trial court erred in addressing the merits of Bennett's postconviction motion.

## CONCLUSION

Bennett's postconviction motion was procedurally barred, and therefore, we reverse, and dismiss.

REVERSED AND DISMISSED.