STATE OF NEBRASKA, APPELLEE, V.
BARRY D. MCCROY, APPELLANT.

613 N.W. 2d 1

Filed June 16, 2000.   Nos. S-98-330, S-98-331, S-98-332.

Barry D. McCroy, pro se.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Barry D. McCroy appeals from the court's denial of his motions for postconviction relief without conducting an evidentiary hearing. McCroy asserts that he is entitled to postconviction relief because his counsel at the time of his plea-based convictions had been previously disbarred in Colorado, and was

subsequently disbarred in Nebraska. McCroy contends that he was denied the effective assistance of counsel (1) under a per se rule because of the disbarments and (2) because his attorney failed to honor his request to perfect a direct appeal. We conclude that the first claim is without merit, but that McCroy is entitled to an evidentiary hearing on his second claim.

## FACTS

In January 1992, McCroy pled guilty to four theft-related charges set forth in three separately docketed cases. At the time his pleas were entered, McCroy was represented by Charles M. Radosevich. The record of the proceedings reveals that prior to accepting the pleas, the district court informed McCroy of the rights he was waiving by pleading guilty. After a factual basis was offered for each of the charges, the court determined that the pleas were made freely, voluntarily, and knowingly, and found McCroy guilty on each count. The record also reveals that the guilty pleas were entered in exchange for an agreement by the State not to file six other theft-related charges. On February 27, the district court imposed four consecutive sentences consisting of three sentences of 15 to 45 months' imprisonment and one sentence of 10 to 45 months' imprisonment, with no credit for time served.

On December 17, 1997, McCroy filed motions for postconviction relief, seeking to vacate each of his convictions. In his motions, McCroy alleged that he was denied effective assistance of counsel because Radosevich had been disbarred in Colorado in 1989 and had subsequently reactivated his license to practice law in Nebraska without disclosing this fact. Radosevich was subsequently disbarred by this court in 1993. *State ex rel. NSBA v. Radosevich*, 243 Neb. 625, 501 N.W.2d 308 (1993). McCroy alleged that but for the incompetence of Radosevich, he would not have pled guilty to the four counts. He further alleged that on the day of sentencing, he asked Radosevich to file appeals, which Radosevich failed to do. McCroy alleges that this failure was prejudicial because it adversely affected the calculation of his sentence reduction pursuant to Neb. Rev. Stat. § 83-1,107 (Reissue 1994), which was amended during the period when his appeals would have been pending. See 1992 Neb. Laws, L.B. 816.

The district court denied McCroy's motion without an evidentiary hearing, finding:

> I have examined the transcripts of McCroy's pleas and sentences, and I do not find any indication that Mr. McCroy was inadequately represented. The pleas were entered voluntarily, and Mr. McCroy clearly understood the possible consequences of his waiver, and the options that he was foregoing [sic] by entering into that waiver. Under these circumstances, the fact that his lawyer may have been disbarred in another state does not vitiate the convictions. By misrepresenting his credentials, Radosevich may have subjected himself to civil or criminal liability. However, the test for adequate representation depends upon defective performance, not accreditation. There is no indication in this record that Mr. McCroy was inadequately represented by his counsel in these proceedings. For these reasons, McCroy's Application for Post-Conviction Relief ought to be denied.

The district court did not expressly rule on McCroy's assertion that Radosevich disregarded his request to appeal.

Following this ruling on his postconviction motions, McCroy perfected timely appeals, which were consolidated for purposes of briefing and oral argument and moved to our docket on our motion pursuant to Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). The cases were subsequently submitted without oral argument by agreement of the parties.

## ASSIGNMENTS OF ERROR

McCroy assigns, restated and summarized, that the district court erred in (1) denying him an evidentiary hearing on his claims and (2) not addressing his claim that he was denied the right of direct appeal.

## STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Williams, ante* p. 234, 609 N.W.2d 313 (2000); *State v. Palmer*, 257 Neb. 702, 600 N.W.2d 756 (1999).

## ANALYSIS

The history of Radosevich's membership in the Nebraska bar is well documented in our jurisprudence. Pursuant to Neb. Rev. Stat. § 27-201(3) (Reissue 1995), we take judicial notice of the fact that Radosevich was admitted to practice in Nebraska in 1969 upon graduation from an accredited law school and successful completion of the bar examination. He was also admitted to practice law in Colorado, but was disbarred by the Colorado Supreme Court on October 30, 1989, based upon a finding that he improperly withdrew approximately $265,000 in client funds for his personal use. *People v. Radosevich*, 783 P.2d 841 (Colo. 1989). After allowing his membership in the Nebraska State Bar Association (NSBA) to lapse, Radosevich applied for reinstatement on January 13, 1991, but did not inform the NSBA of his disbarment in Colorado. See *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999). He was reinstated to active membership in the NSBA on February 22, 1991, but following discovery of the disciplinary action taken by the Colorado Supreme Court and the filing of a motion of reciprocal discipline on August 21, 1992, he was disbarred by this court on June 11, 1993. *State ex rel. NSBA v. Radosevich*, 243 Neb. 625, 501 N.W.2d 308 (1993). See, also, *State v. Bennett, supra*. Radosevich represented McCroy after Radosevich's disbarment in Colorado and reinstatement in Nebraska, but before his disbarment in Nebraska.

### PER SE INEFFECTIVE ASSISTANCE OF COUNSEL

■ Generally, we have resolved the question of whether a criminal defendant received ineffective assistance of counsel in violation of his or her Sixth Amendment rights by applying the familiar two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to the actual performance of defense counsel. Under this test, in order to establish a right to postconviction relief based on a claim of ineffective counsel, a defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in

his or her case. *State v. Williams, supra*; *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999); *State v. Ditter*, 255 Neb. 696, 587 N.W.2d 73 (1998).

The *Strickland* analysis necessarily involves examination of specific acts and omissions on the part of counsel which are alleged to constitute deficient performance which was prejudicial to the defense of the accused. Some courts, however, have held that in certain circumstances, legal representation by a particular individual constitutes a per se violation of a criminal defendant's Sixth Amendment right to the effective assistance of counsel, regardless of the particulars of such representation. For example, in *Solina v. United States*, 709 F.2d 160 (2d Cir. 1983), the accused was represented by an individual who had graduated from an accredited law school but was unsuccessful in passing the bar examination and thus was never admitted to practice as a lawyer. The court held that this constituted a per se violation of the defendant's Sixth Amendment right to " 'assistance of counsel' " which the court construed as signifying nothing less than "representation by a licensed practitioner." 709 F.2d at 167. In *U.S. v. Novak*, 903 F.2d 883 (2d Cir. 1990), the same court followed a similar rationale in concluding that representation by Joel Steinberg, who had been admitted to the bar on the basis of false representations regarding his legal education, constituted a per se Sixth Amendment violation. The court concluded that "[i]n general, the Sixth Amendment guarantee is not satisfied if the accused is represented by a person who, for failure to meet substantive bar admission requirements, has never been admitted to the practice of law in any jurisdiction." 903 F.2d at 887. See, also, *People v. Chin Min Foo*, 144 Misc. 2d 589, 545 N.Y.S.2d 55 (1989), and *People v. Williams*, 140 Misc. 2d 136, 530 N.Y.S.2d 472 (1988) (both holding representation by Steinberg constituted per se violation of Sixth Amendment).

Similarly, the Florida Court of Appeals has determined that representation by an individual who graduated from law school and passed the bar examination but was denied a license to practice due to lack of moral character is per se ineffective. *Huckelbury v. State*, 337 So. 2d 400 (Fla. App. 1976). The court determined that the individual who represented the defendant

was in effect an imposter, because the "right to court-appointed counsel presupposes appointment of counsel fully accredited by competency and moral standards to practice law." *Id.* at 403. It further noted that the case presented "a situation where one without proper credentials as a lawyer in any state or federal jurisdiction posed as a lawyer. And, he who so posed has not been considered to be of sufficient moral fiber to bear the stamp of approval of the Florida Bar." *Id.*

Some courts have recognized per se ineffective assistance of counsel when counsel was suspended or disbarred prior to the representation. In *In re Johnson*, 1 Cal. 4th 689, 822 P.2d 1317, 4 Cal. Rptr. 2d 170 (1992), the court found that representation by an attorney who had been suspended from the practice of law and had submitted his resignation to the state bar with disciplinary proceedings pending was per se ineffective. The court, however, based its decision on the resignation, reasoning that the submission of a resignation with charges pending caused an immediate transfer of the attorney to inactive status. Notably, it reasoned that the suspension alone did not amount to per se ineffectiveness, because

> "admission of an attorney to the bar establishes that the State deems him competent to undertake the practice of law before all our courts, in all types of actions." . . . An attorney who is professionally competent does not become any less competent upon the filing of an order . . . suspending the attorney from practice.

(Citation omitted.) *Id.* at 697, 822 P.2d at 1320-21, 4 Cal. Rptr. 2d at 173-74. See, also, *People v. Hinkley*, 193 Cal. App. 3d 383, 238 Cal. Rptr. 272 (1987) (holding criminal defendant received per se ineffective assistance of counsel when his attorney's practice had been taken over by state bar and court pursuant to statute which allowed takeover after determination that attorney was incompetent to represent clients); *Ex Parte Williams*, 870 S.W.2d 343 (Tex. App. 1994) (holding representation per se ineffective where attorney disbarred 2 months before trial and therefore no longer "counsel" within meaning of Sixth Amendment under Texas law which provides disbarred lawyer is deemed incompetent to represent criminal defendant as matter of law).

Other courts, however, have declined to apply a per se rule in assessing the performance of a disbarred lawyer in a criminal proceeding. For example, in *State v. Smith*, 476 N.W.2d 511 (Minn. 1991), the court found there was no per se ineffective assistance of counsel when the attorney was suspended during the final day of trial. The court distinguished the case from those where counsel was an imposter who had never been admitted to the bar. It found that unlike those cases, where counsel had been admitted to the bar but had lost his or her license because of suspension or disbarment, the reasons for such loss of license could be so varied in kind and degree that a per se rule was not appropriate.

In *United States v. Mouzin*, 785 F.2d 682 (9th Cir. 1986), the court found that representation in U.S. District Court by counsel who had been disbarred by the U.S. Court of Appeals for the 9th Circuit for unrelated conduct was not per se ineffective. In so holding, the court noted:

> The principle applied in [cases in which a person poses as a lawyer] is that one never admitted to practice law and therefore who never acquired the threshold qualification to represent a client in court cannot be allowed to do so, and no matter how spectacular a performance may ensue, it will not constitute "effective representation of counsel" for purposes of the Sixth Amendment. Conversely, the infliction of discipline upon an attorney previously qualified and in good standing will not and should not transform his services into ineffective assistance.

785 F.2d at 697. The court noted that his admission to the bar allowed it to assume that counsel had the training, knowledge, and ability to represent a client, regardless of his disbarment for unrelated conduct by another court.

Circumstances similar to those before us in the present case were considered in *Vance v. Lehman*, 64 F.3d 119 (3d Cir. 1995), *cert. denied, Vance v. Horn*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996). In that case, defense counsel had originally been properly admitted to practice law in California. After disciplinary proceedings were brought against him in that state, he relocated to Pennsylvania, where he passed the bar examination but falsely reported on his application that he had no pend-

ing professional misconduct charges. The attorney's Pennsylvania license was revoked shortly after his representation of the defendant. In determining that the representation was not per se ineffective, the court noted:

> The courts have consistently looked to the licensing authorities of the legal profession to determine in circumstances of this kind the boundaries of the *per se* exception to the *Strickland* rule. If a lawyer is authorized by those authorities to practice law, his or her performance on a criminal defendant's behalf is acceptable for Sixth Amendment purposes so long as the *Strickland* criteria are not met.

64 F.3d at 122. The court further noted that the attorney was not an imposter, in that he had graduated from an accredited law school, was originally certified by California as competent to practice law, had practiced law for a decade, and had been tested and found knowledgeable about Pennsylvania law. It also noted that his breaches of conduct were unrelated to his representation of the client. See, also, *Bellamy v. Cogdell*, 974 F.2d 302 (2d Cir. 1992), *cert. denied* 507 U.S. 960, 113 S. Ct. 1383, 122 L. Ed. 2d 759 (1993) (declining to find per se ineffective assistance of counsel where attorney represented client while disciplinary proceedings were pending against him and was then suspended following trial due to health concerns); *Waterhouse v. Rodriguez*, 848 F.2d 375 (2d Cir. 1988) (holding representation at a suppression hearing by lawyer disbarred on final day of hearing not per se ineffective); *Wilson v. People*, 652 P.2d 595 (Colo. 1982), *cert. denied* 459 U.S. 1218, 103 S. Ct. 1221, 75 L. Ed. 2d 457 (1983) (holding representation by attorney who met all requirements for obtaining license but failed to take oath for admission not per se ineffective, distinguishing circumstance from representation by someone impersonating lawyer); *People v Pubrat*, 451 Mich. 589, 548 N.W.2d 595 (1996) (holding attorney's suspension during proceedings did not result in per se ineffective assistance of counsel, distinguishing case from those in which laypersons masquerade as attorneys).

In *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999), we were presented with the issue of whether Radosevich's representation of a criminal defendant in Nebraska after his disbar-

ment in Colorado but before he was disbarred by this court constituted per se ineffective assistance of counsel. However, we did not reach the issue because of our determination that Bennett's failure to raise it on direct appeal procedurally barred his motion for postconviction relief. In McCroy's cases, however, no direct appeals were filed, allegedly because of Radosevich's failure to carry out McCroy's request to do so. Thus, the question of whether Radosevich's representation of McCroy constituted per se ineffective assistance of counsel is directly before us.

*Vance v. Lehman*, 64 F.3d 119 (3d Cir. 1995), *cert. denied, Vance v. Horn*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996), and other authorities discussed above recognize what we perceive to be a valid distinction between representation by one who has never been qualified to practice law and one who was properly admitted in the first instance but is subsequently suspended or disbarred. Here, Radosevich graduated from an accredited law school, passed the bar examination, and was duly admitted to practice law in Nebraska in the first instance. Although he had been disbarred in Colorado, he was licensed to practice law in Nebraska at the time of his representation of McCroy, and his subsequent disbarment by this court was unrelated to that representation. We decline to adopt a per se determination of ineffective assistance of counsel under these circumstances and conclude that McCroy's motion for postconviction relief based upon ineffective assistance of counsel should be analyzed under the *Strickland* test based upon Radosevich's actual performance in representing McCroy.

### *STRICKLAND* ANALYSIS

The first prong of the *Strickland* analysis requires a determination of whether counsel's performance was deficient. We agree with the district court's determination that the files and records reveal that Radosevich's performance in connection with McCroy's guilty pleas was not deficient. However, the district court did not address McCroy's assertions that immediately following his sentencing on February 27, 1992, he directed Radosevich to file an appeal on his behalf and that Radosevich

failed to do so. We treat this omission as a constructive denial of relief with respect to this allegation. See *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999).

■ We have recognized that where defense counsel in a criminal case fails to carry out a defendant's request to file an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act. *State v. Trotter, ante* p. 212, 609 N.W.2d 33 (2000); *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993). In seeking such relief, " '[a] defendant must show, by a preponderance of the evidence, that he was denied his right to appeal due to the negligence or incompetence of counsel, and through no fault of his own.' " *State v. Trotter, ante* at 217, 609 N.W.2d at 38, quoting *State v. Halsey*, 195 Neb. 432, 238 N.W.2d 249 (1976). In *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), the Supreme Court recognized:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

(Citations omitted.) Thus, if Radosevich failed to carry out an instruction by McCroy to appeal his convictions, such failure would constitute deficient performance satisfying the first prong of the *Strickland* test.

As noted above, the second prong of the *Strickland* test normally requires a showing that deficient performance by counsel resulted in prejudice to the defendant's case. However, in *State v. Trotter, ante* at 222, 609 N.W.2d at 41, we held that "after a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief." We see no logical reason not to apply the same rule with respect to a plea-based conviction.

■ However, unlike *Trotter*, there was no evidentiary hearing in this case, and we therefore have before us only McCroy's verified allegation that he requested Radosevich to perfect the appeals. An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999); *State v. Moore*, 256 Neb. 553, 591 N.W.2d 86 (1999). Where such an allegation is made, an evidentiary hearing may be denied only when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998); Neb. Rev. Stat. § 29-3001 (Reissue 1995). The files and records in these cases reflect that no appeals were filed and do not refute McCroy's allegation that he requested Radosevich to do so. Accordingly, the district court erred in not conducting an evidentiary hearing on this issue.

## CONCLUSION

We conclude that because Radosevich was properly admitted to practice law in this state in the first instance and was licensed to do so at the time of the challenged representation, there is no per se Sixth Amendment violation. However, because the files and records do not establish that McCroy is entitled to no postconviction relief, we reverse, and remand to the district court with directions to conduct an evidentiary hearing limited to the issue of whether Radosevich failed to respond to a request by McCroy that he file appeals on McCroy's behalf and thereby deprived him of effective assistance of counsel in securing appellate review of his convictions.

REVERSED AND REMANDED WITH DIRECTIONS.