STATE OF NEBRASKA, APPELLEE, V.
RICHARD C. BARNES, APPELLANT.

724 N.W.2d 807

Filed December 15, 2006.   No. S-06-351.

Ted M. Lohrberg, of Johnson, Morland, Easland & Lohrberg, P.C., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and SIEVERS, Judge.

STEPHAN, J.

Richard C. Barnes appeals from an order of the district court for Pierce County denying his motion for postconviction relief after an evidentiary hearing. We find no error and affirm.

## I. BACKGROUND

On March 8, 1994, Barnes pled guilty to one count of first degree murder and one count of use of a weapon to commit a felony. Pursuant to a plea agreement, the State did not offer evidence of aggravating circumstances at sentencing, and Barnes was sentenced to life imprisonment on the murder conviction on April 14, 1994. On the same date, Barnes was sentenced to a term of no less than 6⅔ years' imprisonment and no more than 20 years' imprisonment on the use of a weapon conviction. The district court did not give Barnes credit for time served. No direct appeal was filed.

Barnes filed an amended petition seeking postconviction relief on November 10, 2004. In his petition, he alleged that he received ineffective assistance of counsel prior to the time he entered his plea because his counsel failed to secure a psychological examination of him and failed to timely file a notice of intent to use the insanity defense. Barnes also alleged that his counsel was ineffective because counsel failed to file a direct appeal after Barnes requested that he do so. Finally, Barnes alleged that he was denied "fundamental due process [and] equal protection of the law" because the sentencing court failed to give him credit for time served against his sentence on the use of a weapon conviction. After conducting an evidentiary hearing, the district court denied postconviction relief. Barnes filed

this timely appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## II. ASSIGNMENTS OF ERROR

Barnes assigns, restated and consolidated, that the district court erred in (1) failing to find that his trial counsel was ineffective and (2) dismissing the allegation in his postconviction motion that the trial court erred in not crediting him with time served.

## III. STANDARD OF REVIEW

On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003); *State v. Narcisse*, 264 Neb. 160, 646 N.W.2d 583 (2002). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Moore, ante* p. 71, 718 N.W.2d 537 (2006); *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

## IV. ANALYSIS

### 1. Ineffective Assistance of Counsel

Barnes' primary argument is that his trial counsel was ineffective. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005); *State v. Perry*, 268 Neb. 179, 681 N.W.2d 729 (2004). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *State v. Marshall, supra.*

Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought

by a defendant convicted because of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. McDermott*, 267 Neb. 761, 677 N.W.2d 156 (2004). When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001).

### (a) Failure to File Direct Appeal

■ Barnes alleges that his trial counsel failed to file a direct appeal after Barnes requested that he do so. After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001); *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

In his deposition received at the postconviction hearing, Barnes testified that after sentencing, he discussed filing an appeal with his attorney. According to Barnes, his attorney advised him that an appeal was not likely to be successful, but Barnes informed the attorney that "I would like to do it anyway." Trial counsel's deposition was also admitted as an exhibit at the postconviction hearing. Trial counsel testified that he discussed the merits of an appeal with Barnes both before the plea was entered and after the sentence was imposed. Counsel testified that Barnes did not ask him to file an appeal.

The district court determined that Barnes failed to establish that he directed his attorney to file an appeal. We find no clear error in this factual finding and affirm the district court's denial of postconviction relief on this ground.

### (b) Psychological Examination

Barnes alleges that his trial counsel was ineffective because he failed to obtain a psychological examination of Barnes before the entry of the guilty plea. The record reveals that a motion for psychological examination was made on January 25, 1994. An

evidentiary hearing on the motion was held on January 27. Barnes presented no evidence in support of his motion, and the State presented evidence against it. The court denied the motion, finding there was no evidence to support granting it.

Barnes' trial counsel testified at the postconviction hearing that he discussed the issue of competency during his initial meetings with Barnes. Counsel did not pursue the issue, however, because he felt that Barnes understood the nature of the proceedings and knew the seriousness of what was taking place. Counsel specifically testified that in his opinion, insanity was not a viable defense for Barnes, and that he never had any sense that there was an issue about Barnes' competency. However, as the date for trial approached, Barnes decided that he wanted to pursue an insanity defense. His counsel therefore filed the motion requesting a psychological evaluation and filed a notice of intent to raise the insanity defense. The notice was filed within 60 days of the date of trial and was therefore untimely under the applicable statute. See Neb. Rev. Stat. § 29-2203 (Reissue 1995).

There is very little evidence in the record relating to Barnes' mental health. Barnes testified at the postconviction hearing that he had served 3 years in the military. He admitted he was never disciplined for misconduct during his service and was honorably discharged. Barnes testified that he had some "incidents" related to his military service that could cause one to conclude that he was insane or abnormal, but Barnes did not elaborate on these incidents during his testimony and there is no other evidence of these incidents in the record. In addition, Barnes generally admitted that these incidents involved merely a "de-program[ing]" process after his military service. There is no other evidence in the record of Barnes' psychological condition either at the time of the postconviction hearing or at the time he entered his guilty pleas.

Barnes relies on *Ake v. Oklahoma*, 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985), in support of his argument that his counsel was ineffective for failing to secure a psychological examination. *Ake* held that an indigent defendant has the right to a psychological examination when he demonstrates that his sanity at the time of the offense is likely to be a significant factor in his defense. Nothing in the record before us, however, indicates

that trial counsel had any reason to believe, or that an investigation would have revealed, that Barnes' sanity at the time of the offense was seriously in question. Barnes has therefore failed to demonstrate that his trial counsel performed deficiently in failing to procure the psychological examination.

### (c) Notice of Insanity Defense

Barnes alleges that his trial counsel was ineffective because counsel filed a notice to raise the insanity defense out of time. As noted, the record reveals that trial counsel had no concerns about Barnes' competency prior to the time the plea was entered, and there is no showing on this record that if the notice had been timely filed insanity would have been a viable defense. Moreover, Barnes has made no showing that had the notice been timely filed, he would have forgone the plea and insisted on going to trial. Thus, for many of the same reasons articulated above with respect to counsel's failure to secure a psychological examination of Barnes, we conclude that this allegation is without merit.

### 2. CREDIT FOR TIME SERVED

■ Barnes' postconviction motion alleged that the trial court erred in failing to give him credit for time served against his sentence on the weapon conviction. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). An alleged sentencing error with respect to credit for time served does not fall within this narrow category of relief. Moreover, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005); *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004). Because the sentencing issue could have been raised on direct appeal, it is procedurally barred in this action. The district court did not err in denying postconviction relief on this ground.

## V. CONCLUSION

For the foregoing reasons, the decision of the district court denying postconviction relief is affirmed.

AFFIRMED.

GERRARD, J., not participating.