IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MOLCZYK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NOAH V. MOLCZYK, APPELLANT.

Filed May 26, 2020.    No. A-19-699.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Michael J. Wilson, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Noah V. Molczyk appeals from an order of the Lancaster County District Court denying his motion for postconviction relief following an evidentiary hearing. He contends that his trial counsel was ineffective for failing to file a direct appeal following sentencing on his plea-based felony convictions. We affirm.

## BACKGROUND

Molczyk was 17 years old on or about January 22, 2016, when he shot an individual he accused of being a "snitch." In April, the State charged Molczyk with one count of first degree assault and one count of use of a firearm to commit a felony. Molczyk pled not guilty to both counts.

On September 22, 2016, the State filed an amended information charging Molczyk with one count of second degree assault and one count of possession of a firearm during the commission

- 1 -

of a felony. During a hearing that same day, the parties agreed that they had reached a plea agreement. Pursuant to the plea agreement, the State filed the amended information and agreed not to file additional charges against Molczyk in this case or in regard to crimes separate from this case in which he was allegedly involved. Further, Molczyk waived his right to a juvenile transfer hearing and entered guilty pleas to both counts of the amended information. The State's factual basis provided that on January 22, Molczyk pointed a handgun at an individual's chest while accusing him of being a "snitch." After a misfire, Molczyk pulled the trigger of the handgun again, shooting the victim in the buttocks. Molcyzk agreed he had committed the offenses. The district court accepted Molczyk's guilty pleas and found him guilty as charged.

On November 7, 2016, Molczyk was sentenced to 10 to 15 years' imprisonment on each count, with credit for 289 days' time served. The sentences were to be served consecutively to one another and any other previously imposed sentence. After the oral pronouncement of the sentences during the sentencing hearing, the district court stated, "This is a final appealable order." Molczyk never filed a direct appeal.

On December 5, 2017, Molczyk, by and through new counsel, filed a motion for postconviction relief seeking a "new direct appeal" and for an evidentiary hearing on his motion. He alleged that his trial counsel provided ineffective assistance by (1) failing to adequately explain his right to appeal his sentence(s) and (2) failing to timely file a notice of appeal. Molczyk spoke with his trial counsel "[i]mmediately" after the sentencing hearing and "indicated" his objections to his sentence(s) and his desire to appeal. Molczyk stated his trial counsel informed him of having the ability to get him out on an appeal bond but did not offer further explanation of the process Molczyk had to follow to appeal. Trial counsel "never explained the 30-day deadline for filing an appeal" or the "need to either pay a filing fee or apply for *in forma pauperis* status." (Italics in original.) Molczyk claimed his trial counsel knew he wanted to appeal his sentence(s) but did not perfect his direct appeal.

In June 2018, the State filed a response to Molczyk's motion in which it conceded that Molczyk was entitled to an evidentiary hearing on the issue of why his appeal was not perfected. The State requested the evidentiary hearing be set after it could depose Molczyk's trial counsel; the request was granted.

The evidentiary hearing took place on April 15, 2019. The parties stipulated to the identification of Molczyk's trial counsel's office telephone number, which was the same at all times during the pendency of the instant case. Several exhibits were admitted in evidence: the bill of exceptions from prior proceedings in the present case; Molczyk's deposition from 2019; trial counsel's deposition from 2018; an affidavit of a systems analyst for the Nebraska Department of Correctional Services along with an attached record of Molczyk's telephone calls while in custody from November 7 to December 12, 2016; and the "Register of Actions" and "Judges Notes" for this case. The district court also took judicial notice of the case file. Molczyk's mother testified. After argument, the matter was taken under advisement.

On June 18, 2019, the district court entered its order overruling and denying Molczyk's motion for postconviction relief. Relevant portions of the order are discussed below.

Molczyk appeals.

## ASSIGNMENT OF ERROR

Molczyk claims the district court erred when it concluded that his trial counsel provided effective assistance despite his failure to file a notice of appeal.

## STANDARD OF REVIEW

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). An appellate court upholds the trial court's findings unless they are clearly erroneous. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *Id.* When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* An appellate court reviews legal determinations independently of the lower court's conclusion. See *id.*

## ANALYSIS

In his motion for postconviction relief, Molczyk claimed that his trial counsel was ineffective for (1) failing to adequately explain his right to appeal his sentences and (2) failing to timely file a notice of appeal. Molczyk now abandons the first claim of ineffective assistance of trial counsel but continues to assert the second claim regarding his trial counsel not filing an appeal.

### LEGAL PRINCIPLES

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Beehn, supra*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Newman*, 290 Neb. 572, 861 N.W.2d 123 (2015). To show deficient performance, a defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

Where defense counsel in a criminal case fails to carry out a defendant's request to file an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act. See *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000). In seeking such relief, the defendant must show, by a preponderance of the evidence, that the defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, and through no fault of his or her own. *Id.* It is fundamental to a claim of ineffective assistance of counsel based on failure to appeal or failure to properly perfect an appeal, that the defendant directed that such appeal be filed. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

If counsel has consulted, that is, advised the defendant about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover the defendant's wishes, counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. See, *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006). After a

trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief; this rule also applies with respect to a plea-based conviction. See, *State v. McCroy, supra*; *State v. Trotter, supra*.

Even in postconviction cases where there is some evidence that a defendant directed his or her attorney to file a direct appeal, a trial court does not commit clear error in finding that the same is not sufficiently established where there is also competent evidence that the defendant did not ask his or her attorney to file an appeal. See, *State v. Barnes*, 272 Neb. 749, 724 N.W.2d 807 (2006) (no clear error in finding defendant failed to show he directed attorney to file direct appeal; record contained contradictory testimony of defendant and defendant's trial counsel on matter); *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006) (no clear error in finding trial counsel's testimony credible despite defendant's testimony to contrary regarding whether defendant requested appeal).

EVIDENCE REGARDING REQUEST TO APPEAL

Molczyk and his trial counsel each testified that they spoke with each other right after the sentencing hearing on November 7, 2016. Molczyk said he told his trial counsel that he received "too much time" and that he was "trying to appeal the sentence." He denied that they talked about the chances of success on appeal. Molczyk's trial counsel recalled talking to both Molczyk and his mother after the sentencing hearing about the "30-day period" and "whether or not they wanted to file an appeal." Trial counsel agreed that Molczyk voiced displeasure with what had happened in court. However, trial counsel denied that Molczyk said anything at that point about wanting to appeal.

Molczyk's trial counsel remembered receiving an email from Molczyk's mother on November 8, 2016, which he perceived indicated that "they wanted to appeal." The mother's November 8 email stated, in relevant part, "I'm begging you please please please Appeal my son's case Pro Bono." Trial counsel stated that he then had a telephone conversation with Molczyk's mother during which he described the low likelihood of success on appeal. Trial counsel recalled saying that he would file an appeal if Molczyk's mother wanted him to do so but he would have to charge her. He had said, "'Well, I don't do it pro bono, but I'd fill out the paper so you could get a court-appointed attorney.'" Trial counsel agreed that had Molczyk's mother wanted him to go through with an appeal, he would have prepared the appeal documents for her and allowed the court to decide whether Molczyk could proceed in forma pauperis.

The evidence includes another email from Molczyk's mother's email address to Molczyk's trial counsel that is undated and states, as pertinent here, "I've realized it's not in [Molczyk's] best interest to Appeal his case." Molczyk's trial counsel testified that he received that email from Molczyk's mother "right after" his conversation with her. Trial counsel indicated that was the last correspondence he had regarding Molczyk that was within the 30-day period after sentencing. Trial counsel understood that "they didn't think it was in their best interest to appeal," so he did not file one.

Molczyk claimed that he asked his mother to tell his trial counsel to file an appeal for him during the 30 days following his sentencing. But he denied that he ever told his mother to tell his

- 4 -

trial counsel not to file an appeal on his behalf. Molczyk's mother testified that she verbally told Molczyk's trial counsel after sentencing, "we need to appeal the sentence because it's -- it's too much." She said she emailed trial counsel after that but suggested she did not write the undated email because she did not remember it and it did not "sound" like her. Molczyk's mother denied that she ever told trial counsel that she did not want an appeal filed for Molczyk or that Molczyk had requested that trial counsel not file an appeal.

Molczyk believed he had attempted to call his trial counsel multiple times during the 30 days following his sentencing hearing; he stated that he used the prison telephones to call only trial counsel's office telephone number to reach trial counsel. According to the systems analyst's affidavit, Molczyk had been in custody of the prison since November 7, 2016. For the period between November 7 and December 12, there was no record of any telephone calls from Molczyk in prison to his trial counsel's office telephone number. Molczyk recalled sending his trial counsel one letter. In the letter, he asked for help to get his sentence reduced. However, the letter is dated April 18, 2017, and Molczyk agreed that he had to have written the letter on that date. Molczyk's trial counsel said that Molczyk never requested, orally or in writing, that he (trial counsel) file an appeal within the 30-day period after his sentences were imposed.

In its June 18, 2019, order denying postconviction relief, the district court found that during the meeting after the sentencing hearing, Molczyk did not direct his trial counsel to appeal, and he did not attempt to contact his trial counsel until April 18, 2017, "long after his 30-day appeals period had expired." The district court found that Molczyk's mother "did communicate a desire to appeal," which appears to be a reference to her November 8, 2016, email. But Molczyk's mother "later indicated that she had changed her mind when she emailed [Molczyk's trial counsel] and stated that she did not believe it was in [Molczyk's] best interest to appeal his case." The district court determined that trial counsel reasonably understood that email as an instruction not to file an appeal. The district court found that Molczyk did not meet his burden of proving that he instructed his trial counsel to appeal. The district court noted that Molczyk's evidence, which consisted of Molczyk's and his mother's testimony, was contradicted by evidence of his mother's communications with his trial counsel, Molczyk's telephone records, and trial counsel's testimony.

ARGUMENT ON APPEAL

On appeal, Molczyk contends that his trial counsel's understanding of the undated email was not reasonable because his mother's "opinion" as to what was in his best interests did not "specifically retract [his] request as it was communicated [in] the November 8th email." Brief for appellant at 8. Thus, Molczyk is asserting on one hand that his mother's November 8, 2016, email could properly be relied upon by trial counsel as representing a mutual decision and directive from Molczyk and his mother that trial counsel should file an appeal, but on the other hand, his mother's subsequent email could not have been properly relied upon by trial counsel to represent a mutual decision and directive from Molczyk and his mother regarding an appeal not being in Molczyk's best interests. Molczyk does not persuasively explain why trial counsel could properly rely upon one representation by Molczyk's mother but not the other.

As discussed previously, Molczyk's trial counsel had understood the November 8, 2016, email to mean "they wanted to appeal" and the later email to mean "they didn't think it was in

their best interest to appeal." Although trial counsel appeared to understand the emails as reflecting Molczyk and his mother's combined wishes regarding whether to appeal, the emails themselves were both written as a first person narrative from only the mother. Neither email explicitly states that it contains anything other than the mother's thoughts and intentions. The district court determined that there was no presumption of prejudice because Molczyk failed to meet his burden to prove that he instructed his trial counsel to appeal. Specifically, the court found: "[Molczyk] presented no evidence other than his own testimony and his mother's testimony to show that [trial counsel] was instructed to appeal. This testimony is contradicted by evidence of [Molczyk's] mother's communications with [trial counsel], [Molczyk's] phone records, and [trial counsel's] testimony."

We also note that besides claiming some type of indirect ownership of his mother's November 8, 2016, email, Molczyk does not argue on appeal that he himself instructed his trial counsel to file an appeal at any point during the 30 days following the entry of the sentencing order. See *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000) (it is fundamental to ineffective assistance of counsel claim based on failure to appeal or failure to properly perfect appeal, that defendant directed that such appeal be filed). Given the absence of direct communication from Molczyk to his trial counsel following his sentencing, the content of his mother's undated email, and the evidence about what trial counsel said he had discussed with the mother prior to her sending the undated email, we can find no clear error in the district court's findings as there is competent evidence to support them. See, *State v. Barnes*, 272 Neb. 749, 724 N.W.2d 807 (2006); *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

After concluding Molczyk did not instruct trial counsel to file an appeal and that there was no presumption of prejudice, the district court then applied the two-pronged test for a claim of ineffective assistance of counsel as enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (defendant must show counsel's performance was deficient and deficient performance actually prejudiced his or her defense). The district court concluded that Molczyk's ineffective assistance of trial counsel claims failed because he could not demonstrate that trial counsel was deficient for failing to file an appeal and that any such appeal would have been successful. The district court pointed out that Molczyk had not suggested any issues that could have been raised on direct appeal, and that "normally, a voluntary guilty plea waives all defenses to a criminal charge." The district court added:

> Because [Molczyk] has not shown either that [trial counsel] ignored his instruction to file a direct appeal or that a direct appeal would have been successful, he has failed to establish that [trial counsel] was ineffective for failing to file an appeal. The absence of an appeal was not due to ineffective assistance of counsel but was due to [Molczyk's] failure to direct [trial counsel] to appeal and his mother's email communicating that she did not wish to appeal.

We agree. Molczyk did not show by a preponderance of the evidence, as was required, that he was denied his right to appeal due to the negligence or incompetence of counsel, and through no fault of his own. See *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000). Further, other than possibly challenging his sentences as being excessive on direct appeal, which is reviewed only for

an abuse of discretion, Molczyk did not represent there were any other issues that could have been raised on a direct appeal from his plea-based conviction. Based on the record presented, Molczyk has not established deficient performance by trial counsel as a result of trial counsel not filing a direct appeal, nor has Molczyk demonstrated that he was prejudiced by no direct appeal being filed. Accordingly, the district court properly rejected Molczyk's claim that his trial counsel was ineffective for failing to file a notice of appeal.

## CONCLUSION

We affirm the decision of the district court overruling and denying Molczyk's motion for postconviction relief.

AFFIRMED.